# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9520

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 3, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/24

**MEMO ENDORSED**

**By ECF**

Hon. Lewis A. Kaplan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *United States v. Cyron Lee,*
      23 Cr. 591 (LAK)

Dear Judge Kaplan:

We represent Cyron Lee, a defendant in the above-referenced case. We write to request a bail hearing for Mr. Lee, who is currently detained at MDC Brooklyn ("MDC"). This case is set for trial on June 11, 2024.

Mr. Lee has been incarcerated at the MDC for the past six months. During this period, the MDC has demonstrated that it is unable to provide for Mr. Lee's serious medical needs. In addition, Mr. Lee has found it impossible to meaningfully review the discovery in his case due to the MDC's frequent lockdowns.

While Mr. Lee is subject to a rebuttable presumption of detention based upon the non-violent narcotics charge alleged, he is neither a danger to the community nor a risk of flight. Accordingly, the following substantial conditions should reasonably meet the needs of the Bail Reform Act: (a) a $75,000 personal recognizance bond; (b) signed by Mr. Lee and three financially responsible people; and (c) home detention with electronic monitoring.

The government opposes this application and requests until May 8, 2024 to file a response.

Memorandum Endorsement                                   United States v. Lee, 23-cr-591 (LAK)

        In view of the government's proffer (Dkt 45), which stands essentially undisputed, the defendant's history of violence and attempts to tamper with witnesses, the length of the sentence to which he would be exposed in the event of conviction, and the firm trial date of June 11, 2024, there is no meaningful case for a bail hearing or for reconsidering the order of detention. On the record before the Court, the presumption of no condition or combination of conditions would reasonably assure the appearance of the defendant or adequately protect the safety of the community. He manifestly would be a flight risk and a menace to the community were he released. And while the Court is sympathetic to his claim of inadequate medical care, the fact remains that he flatly refused transfer to an institution better able care for him.

        Motion denied.

        SO ORDERED.

Dated:     May 15, 2024

                                          Lewis A. Kaplan
                                      United States District Judge