UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYRON LEE,<br><br>Defendant. | 23 Cr. 591 (LAK)<br><br>ORDER TO PRODUCE EXHIBITS<br>FOR REWEIGHING BY DEFENSE |

PLEASE TAKE NOTICE THAT Defendant Cyron Lee hereby moves, pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, for an order directing the parties to comply with the procedures described below for additional independent testing and analysis by Defendant's expert of the evidence bearing Inv. #: 1001621885 – Item 1 and Inv. #: 1001627494 – Item 3 (the "Evidence"). In support of his motion, Defendant states as follows:

1. Mr. Lee was indicted on three counts: one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and 18 U.S.C. § 841(b)(1)(A), and two counts of distribution of narcotics in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

2. The Government is in possession or control of the Evidence, which includes substances allegedly purchased from Mr. Lee by an undercover officer. The Government has provided discovery materials indicating that these substances were tested by the New York City Police Department, Police Laboratory, Controlled Substance Analysis Section. Mr. Lee has requested additional testing and analysis of the evidence. *See* F. R. Crim. P. 16(a)(1)(E).

3. The defense has consulted with the Government regarding an appropriate procedure for the independent testing and analysis of the Evidence. Defendant proposes the following procedure, to which the Government has no objection:

   a. At a time mutually agreed upon by the Government and Defendant, but in any case, no later than 5 business days within the entry of an order granting this joint proposed procedure, a government agent will bring the entirety of the Evidence, currently in custody and control of the Government, to Defendant's expert at NMS Labs, 2300 Statford Avenue, Willow Grove, PA 19090. Defense counsel warrants that NMS Labs is duly registered with the U.S. Drug Enforcement Administration and accredited by the American Society of Crime Lab Directors/Lab Accreditation Board, and Defendant's expert shall be prepared to present proof of registration and accreditation to the government agent. The government agent shall have custody over the Evidence, except that the government agent will temporarily sign custody

of the Evidence over to NMS Labs for the purposes of weighing, testing, and photographing the Evidence and collecting samples as described in paragraphs b and d, after which custody of the Evidence over to NMS Labs for the purposes of weighing and photographing the Evidence and collecting samples as described in paragraphs b and d, after which custody of the Evidence will be signed back to the Government; and that NMS Labs will have custody over the samples until it returns any unused portion of the samples to the Government. The government agent may be present for any weighing and sample collection conducted by Defendant's expert, as described in paragraphs b and d.

b. In the presence of the government agent, NMS Labs will weigh and photograph the Evidence before collecting any sample or conducting any testing or analysis.

c. NMS Labs will at all times safeguard the Evidence in such a manner that the integrity of the evidence will be protected.

d. In the presence of the government agent, NMS Labs will collect reasonable and representative quantities of the Evidence as samples for testing and analysis.

e. Defendant's expert is responsible for repackaging and securing each sample of the Evidence in such a manner that tampering will be readily observable, or repackaging and securing each sample of the Evidence as otherwise directed by the government agent with custody over the Evidence.

f. Once the samples have been collected and secured appropriately, the government agent will leave NMS Labs's facility, take with him or her the rest of the Evidence that is not part of the collected sample, and secure it.

g. NMS Labs will return any unused portion of the samples to the Government by secure carrier as directed by the Government.

h. NMS Labs will notate any quantity of evidence destroyed during testing or analysis or at any point when any portion of the Evidence is under its control. Upon return of any unused portion or residue of the sample, Defendant's expert shall provide the Government with a declaration pursuant to 28 U.S.C. § 1746. This declaration shall be executed by the expert who conducted the weighing and inspection of the samples and will state, by voucher number (1) the quantity of Evidence consumed during testing and analysis, if any; and (2) the weight of the Evidence received from and returned to the Government.

i. The foregoing procedure will take place within 14 days of the entry of an order granting this joint proposed procedure.

j. Defendant will timely comply with any discovery obligations set forth in Rule 16(b) of the Federal Rules of Criminal Procedure regarding the results of Defendant's independent testing and analysis of the Evidence.

k. Any failure by the defense to follow the aforementioned procedures will render the re-weighing and re-testing results scientifically unreliable.

l. Any failure by Defendant to maintain the proper chain of custody will not render the Evidence inadmissible for this reason.

WHEREFORE, Defendant Cyron Lee respectfully requests that the Court enter an order directing the independent analysis and testing of the Evidence in accordance with the procedure described above.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

/s/ Telemachus P. Kasulis
Telemachus P. Kasulis
Katri A. Stanley
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9555
Fax: (212) 856-9494
tkasulis@maglaw.com
kstanley@maglaw.com

SO ORDERED

LEWIS A. KAPLAN, USDJ

5/21/24